**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OTGONNYAM BATCHULUUN, | No. 16-70003 |
| Petitioner, | Agency No. A089-671-487 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Deborah A. Batts, United States District Judge for the
Southern District of New York, sitting by designation.

Otgonnyam Batchuluun, native and citizen of Mongolia, petitions for review of the denial by Board of Immigration Appeals (BIA) of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA affirmed the IJ's adverse credibility determination on three grounds. "[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. Most notably, Batchuluun testified inconsistently with regard to his journalism career. He was confronted with the inconsistencies surrounding his career, including testimony regarding how many articles he wrote, how many he wrote under an alias, and his importance to the newspaper.[1] The IJ and the BIA did not find his explanations as to his evolving story to be persuasive, concluding that Batchuluun's story lacked the ring of truth. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005); *Singh v. Holder*,

---

[1] Batchuluun raised the issue for the first time on appeal that the IJ's reliance on the asylum officer's assessment to refer rather than sworn interview notes or a transcript was error. Because he failed to exhaust this issue before the BIA, this panel lacks jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

638 F.3d 1264, 1270 (9th Cir. 2011).  This finding alone supports the adverse credibility determination.  *See Rizk*, 629 F.3d at 1088.

The BIA's other identified reasons for Batchuluun's adverse credibility finding—failure to mention his computer was stolen when he was attacked and inability to explain why he didn't know a reporter who was (1) listed as an attendee at the same conference he was suppose to attend and (2) from his same eight-person newspaper office—further support the BIA's adverse credibility determination based on a totality of the circumstances.  *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010).  Nothing in the record compels a contrary conclusion.  *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

In the absence of credible testimony, Batchuluun's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Because Batchuluun's CAT claim is based on the same evidence the IJ found not credible, and Batchuluun does not point to any other evidence in the record to show it is more likely than not he would be tortured in Mongolia, his CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**